DALTON ADDING MACHINE COMPANY *v.* THE STATE CORPORATION COMMISSION OF THE COMMONWEALTH OF VIRGINIA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

No. 190. Submitted March 8, 1915.—Decided March 22, 1915.

The rule that courts should not stop state officers charged with enforcing laws from performing their statutory duty for fear they should perform it wrongly applies especially in cases of taxes and license fees.

One carrying on business which he claims is interstate, and on which the State imposes a license tax, has an adequate remedy at law by paying the tax under protest and raising the constitutional question in a suit to recover it; and where, as in this case, no special hardship is shown, the general rule that equity will not enjoin the collection of taxes where there is an adequate remedy at law applies.

213 Fed. Rep. 889, affirmed.

THE facts are stated in the opinion.

*Mr. Thomas A. Banning* and *Mr. Samuel Walker Banning* for appellant.

*Mr. John Garland Pollard,* Attorney General of the State of Virginia, and *Mr. Christopher B. Garnett* for appellees.

Mr. Justice Holmes delivered the opinion of the court.

This is an appeal from an order of three Judges denying a preliminary injunction as prayed in the appellant's bill. The bill alleges that the appellant is a Missouri corporation, having its factory in Missouri, that it obtains orders for its machines in Virginia through drummers, considers and accepts or rejects them in Missouri, and, if it accepts, forwards the machine from its factory. In some cases the possible customer is allowed to try a machine previously forwarded and in the hands of the Virginia agent, and if he is accepted as a purchaser and desires to keep it, is permitted to do so. The appellant contends that its business in Virginia is wholly interstate. A statute of Virginia requires foreign corporations doing business there to obtain a license from the State Corporation Commission, to pay a fee, &c., and it is alleged that the Commission threatens to take proceedings to enforce the statute and the penalties provided for disobeying it against the appellant, contrary to Article I, § 8, of the Constitution. The appellant further alleges that it has reason to fear and fears a multiplicity of proceedings and the imposition of many fines and that it will suffer irreparable loss from even a temporary interference with its affairs, through loss of sales and prestige, help to its competitors and encouragement of similar proceedings in other States. 213 Fed. Rep. 889.

The court below remarked that it was not contended that the statute was unconstitutional but was alleged only that it was feared that it might be enforced in such a way as to contravene the Commerce Clause and suggested that if proceedings should be instituted by the Commission there would be a hearing before it, with a right to appeal to the Supreme Court of Appeals, and, upon a proper showing, to take the case to this court, and that there was nothing to indicate that the Commis-

sion would not give the appellant a fair hearing or would attempt to enforce the law against it in an oppressive way. On this ground, without expressing an opinion as to the liability of the appellant under the statute, it held that no case for an injunction was made out.

We agree with the District Court in its conclusion and in its grounds. Like it we leave on one side the merits of the appellant's claim of immunity and confine ourselves to deciding that no reason is shown for anticipating the ordinary course of the law. We also leave aside the question whether the action of the Commission is or is not the action of a court protected from interference on the part of the courts of the United States. Rev. Stat., § 720. *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210, 226, 230. The general principle is that it is not for the courts to stop officers of this kind from performing their statutory duty for fear that they should perform it wrongly. *First Nat. Bank of Albuquerque* v. *Albright*, 208 U. S. 548, 553. Especially is this true in the matter of collecting taxes and license fees. *Boise Artesian Hot & Cold Water Co.* v. *Boise City*, 213 U. S. 276. The appellant has an adequate remedy at law in its right to raise the constitutional question if proceedings are taken against it, or, it seems, to recover the money if it pays under protest. No special circumstances are shown, that we can notice, to take this case out of the ordinary rule. *Indiana Mfg. Co.* v. *Koehne*, 188 U. S. 681, 690.

*Decree affirmed.*