C. A. WEED & COMPANY *v.* LOCKWOOD, AS UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF NEW YORK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NEW YORK.

No. 407. Argued October 19, 20, 1920.—Decided February 28, 1921.

Decided upon the authority of *United States v. Cohen Grocery Co., ante,* 81.
264 Fed. Rep. 453, reversed.

THIS was a suit by a dealer in wearing apparel to enjoin further prosecution under an indictment based on the

fourth section of the Food Control Act. The plaintiff appealed directly from a decree dismissing the bill.

*Mr. Simon Fleischmann,* with whom *Mr. Edward L. Jellinek, Mr. Martin Clark, Mr. James O. Moore* and *Mr. John W. Ryan* were on the brief, for appellant.

*The Solicitor General* for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

An indictment having been returned against the appellant in the court below for violating the fourth section of the Lever Act by selling wearing apparel at an unjust or unreasonable rate or charge, it filed its bill in that court praying that the United States Attorney be enjoined from proceeding with the prosecution, assigning, as grounds for the injunction, that the section was void because a regulation of prices of wearing apparel was beyond the power of Congress in the existing state of peace, and because the statute was too vague and deficient in standard to justify a criminal prosecution under it.

The court, on demurrer, held that a status of war existed and that, although there were some authorities to the contrary, that condition, in its opinion, conferred upon Congress the authority to fix the price at which wearing apparel might be sold, as the business of selling such merchandise was a business in which the public had an interest and which, therefore, the Government could regulate. Pointing out, however, that the question as to the vagueness of the statute was more serious, the court nevertheless declared that it was of opinion that Congress had authority to provide against an unjust or unreasonable price, without fixing such price, by leaving it to be

adjusted by courts and juries, depending upon the general economic situation at the time an alleged violation of the prohibition came before them for consideration. The bill was accordingly dismissed, and the case is here on direct appeal.

It is evident, from the decision in the *Cohen Grocery Co. Case*, this day announced, *ante*, 81, that the decree below was wrong, and, for the reasons stated in the opinion in that case, it must be and is reversed.

*Decree reversed.*

Mr. Justice Pitney and Mr. Justice Brandeis concur in the result.

Mr. Justice Day took no part in the consideration or decision of this case.