456

District Court, D. Massachusetts.
Nov. 15, 1933.

Edward Spiegel, of Boston, Mass., pro se.

Francis J. W. Ford, U. S. Atty., of Boston, Mass., pro se.

McLELLAN, District Judge.

This is a bill in equity in which the plaintiff seeks to enjoin the United States attorney for this district from the prosecution of an indictment recently returned against him.

The defendant's motion to dismiss the bill of complaint is, under the equity rules, the equivalent of a demurrer.

The bill of complaint sets forth the pertinent provisions of the Act of Congress of March 9, 1933 (48 Stat. 1), entitled "An Act to provide relief in the existing national emergency in banking, and for other purposes," and the executive order of the President of the United States, dated August 28, 1933, issued pursuant thereto. The bill also contains a copy of an indictment returned by the grand jury on October 26, 1933, for failing to make and file a return, pursuant to the executive order of August 28, 1933, and for retaining a legal and equitable interest in certain gold coin without a license therefor.

The plaintiff says that the act and order are unconstitutional and in violation of the Fifth Amendment of the Constitution, which provides that: "No person * * * shall be compelled in any Criminal Case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

It is stated also that the requirements of the executive order constitute an unreasonable search and seizure, contrary to the provisions of the Fourth Amendment to the Constitution, and that it constitutes an exercise by the President of the legislative power as distinguished from an administrative act of investigation and regulation, in violation of section 1, article 1, of the Constitution.

These are matters which should be decided if the case is of such a nature that this court has jurisdiction of it, and, unless such jurisdiction exists, they are matters which should properly be considered and decided only in connection with a direct attack upon the indictment made on the criminal side of the court. For present purposes, it makes no difference whether or not the act and order are unconstitutional, unless the bill states a case for equitable relief.

The additional allegations of the bill of complaint on which the power of the court of equity to interfere with a criminal prosecution must depend are, in substance, as follows:

It is averred that the act and order are penal enactments, creating a new offense amounting to a felony, the penalties wherefor are severe, that the law gives the complainant no appeal from an adverse decision upon a demurrer or motion to the indictment, and that the only way in which the sufficiency of the indictment and the constitutionality of

the act and order can be tested in a criminal proceeding is by appeal after trial and upon conviction and sentence. The bill states further that the complainant is a lawyer engaged in active practice, that he has established a good reputation, and that, notwithstanding the unconstitutionality of the act and order, if the complainant is placed before the bar of a criminal court in company with criminals and other offenders charged with crimes involving moral turpitude, his standing and reputation in his profession will be seriously impaired, and his ability to earn a livelihood by the practice of his profession will be destroyed, and he will suffer irreparable damage therefrom by delay.

 In my opinion, the plaintiff does not state a case for the interference by a court of equity with orderly procedure on the criminal side of the court. If the Act of Congress of March 9, 1933, is unconstitutional, that can be adjudicated as well by direct attack upon the indictment as in this proceeding. As a general rule, an injunction will not be granted to stay criminal proceedings. It is only where the statute on which the indictment is founded is unconstitutional and there is a direct violation of property rights resulting in irreparable injury that injunctive relief is afforded. In the case at bar, no special circumstances are shown which take the case out of the ordinary rule that a court of equity will not interfere with prosecuting officers in the discharge of their duties. Such cases as Weed & Co. v. Lockwood, 255 U. S. 104, 41 S. Ct. 305, 65 L. Ed. 532, and Id. (D. C.) 264 F. 453; Griesedieck Bros. Brewery Co. v. Moore (D. C.) 262 F. 582; Morgan v. Nolan (D. C.) 3 F. Supp. 143; Wilson v. New, 243 U. S. 333, 37 S. Ct. 298, 61 L. Ed. 755, L. R. A. 1917E, 938, Ann. Cas. 1918A, 1024; Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169, on which the plaintiff relies, all involve direct and irreparable damage to property rights, and are, in this respect, distinguishable from the case at bar. If it be said that the right to practice law is a property right, the answer seems to me to be that the prosecution of this indictment will not result in such direct and irreparable damage as on the authorities is essential to injunctive relief against a public official.

Under the circumstances, as I view them, the plaintiff has an adequate remedy at law in his right to raise the constitutional question on which he relies by way of defense to the indictment. See Lord Montague v. Dudman, 2 Ves. Sen. 396; Dalton Adding Machine Company v. State Corporation Commission, 236 U. S. 699, 35 S. Ct. 480, 59 L. Ed. 797; In re Andrew J. Sawyer, 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402; Amalgamated Oil Gas Corporation v. City and County of San Francisco (D. C.) 263 F. 617.

The motion to dismiss the bill of complaint is granted.