## MERIDIAN GRAIN AND· ELEVATOR CO. v. FLY.

District Court, S. D. Mississippi, Jackson Division.

Sept. 21, 1935.

Wilbourn, Miller & Wilbourn, of Meridian, Miss., for plaintiff.

Frank J. Wideman, Asst. Atty. Gen., James W. Morris, Sewall Key, Andrew D. Sharpe, Robert N. Anderson, and Edward P. Hodges, Sp. Assts. to Atty. Gen., R. M. Bourdeaux, U. S. Atty., of Meridian, Miss., for defendant.

HOLMES, District Judge.

The plaintiff, a processor of corn, brings this suit in equity to restrain the collection of taxes assessed against it under the Agricultural Adjustment Act (chapter 25, 48 Stat. 31 [7 USCA § 601 et seq.]), and to obtain a declaratory decree that the act is unconstitutional and void. The cause is now before the court for decision on plaintiff's motion for a temporary injunction and defendant's motion to dismiss the bill in equity. The two motions were heard together.

The defendant, the Federal Collector of Internal Revenue for Mississippi, contends: (a) That the maintenance of this suit is prohibited by federal statutes; (b) that plaintiff is without equitable grounds to support injunctive relief; and (c) that, by the provisions of section 405 of the Revenue Act of 1935 (28 USCA § 400 [amending Jud. Code § 274d]), this court is deprived of all jurisdiction to render a declaratory judgment or decree herein.

That Congress has the constitutional power to grant, withhold, or delimit the

jurisdiction of this court is well settled. Mississippi Power & Light Co. v. City of Jackson (D. C.) 9 F. Supp. 564. Consequently, the determination of the questions here presented will turn upon the statutes relied upon by the defendant as interpreted by the courts.

The government has provided a complete system of corrective justice in the administration of its revenue laws, founded upon the idea of appeals within the executive department, with ultimate provision for recovering the tax, after it is paid, by a suit against the collecting officer. Having given the taxpayer an adequate remedy by paying the tax and suing to recover it, the right of the government to collect its internal revenue by summary administrative proceedings was further protected by the enactment of section 3224 of Revised Statutes. It says: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." U. S. C., title 26, § 154 (26 USCA § 154).

This statute was enacted in its present form in 1867, and has been construed and enforced in a great number of tax cases. In only one that has been brought to my attention, Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 263, 76 L. Ed. 422, has the statute been ineffective to prevent injunctive relief. There the court held it inapplicable because there existed "extraordinary and exceptional circumstances." This case and a number of others involving penalties in the form of a tax have been carefully distinguished in Graham v. Dupont, 262 U. S. 234, pages 257, 258, 43 S. Ct. 567, 67 L. Ed. 965.

Another statute is section 267 of the Judicial Code. It provides that: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." U. S. C., title 28, § 384 (28 USCA § 384). This statute is declaratory of the ancient equitable doctrine which was in force at the time of the adoption of the Federal Constitution and denies relief to a plaintiff who fails to show the existence of such special and extraordinary circumstances as are to bring the case within some acknowledged head of equitable jurisdiction.

The right to relief sought must be tested by the sufficiency of the averments of the bill of complaint. It is encumbent upon the plaintiff to show affirmatively that it has such right, title, or interest in the proceeds of the tax, collection of which it seeks to enjoin, as would result in specific injury to it if it pays the tax. It does not appear in this case that the burden of the tax has been actually borne by the plaintiff who seeks to recover it. If the taxes have been actually borne by others, then such others are the real parties in interest and the plaintiff is not entitled to recover either in equity or at law. In a suit for refund it was held necessary for a taxpayer to allege and prove that he had borne the burden of the tax. United States v. Jefferson Electric Mfg. Co., 291 U. S. 386, 54 S. Ct. 443, 78 L. Ed. 859. Upon the principle that equity follows the law and requires a suitor so to claim his right to equitable relief, the court stated in the above case (291 U. S. 386, page 400, 54 S. Ct. 443, 448, 78 L. Ed. 859): "We cannot assent to the view that a court may give a judgment awarding the taxpayer a refund without inquiring whether he has borne the burden of the tax or has reimbursed himself by collecting it from the purchaser." In 291 U. S. 386, at page 402, 54 S. Ct. 443, 449, 78 L. Ed. 859, it says: "If the taxpayer has borne the burden of the tax, he readily can show it; and certainly there is nothing arbitrary in requiring that he make such a showing." The effect of this decision is that, when it pleads unconstitutionality, the plaintiff must show that the burden of the tax has been actually borne by him and not another. In Burk-Waggoner Oil Association v. Hopkins (D. C.) 296 F. 492, 499 (Northern District Texas), affirmed Id., 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183, the court said: "A person, in order to question the constitutionality of a statute, must show that the alleged unconstitutional feature injures him, and, in fact, deprives him of rights secured to him by the Constitution." Aside from this, an allegation of mere illegality or unconstitutionality of the tax does not raise an equity which may serve as a basis of injunctive relief. Dows v. City of Chicago, 11 Wall. 108, 20 L. Ed. 65. Such a power in the courts to impede the collection of taxes might threaten the very existence of the government, and for that reason "the general government has wisely made the payment of the tax claimed, whether of customs or of internal revenue, a condition precedent to a resort to the courts by the party against whom the tax is assessed." Cheatham v. United States, 92 U. S. 85-89, 23 L. Ed. 561.

In complaining that there is no adequate remedy at law, plaintiff claims that

the act prescribes no rule or standard to determine when a tax is indirectly included in the price, or when it is in any manner passed on to the vendee. These criticisms seem to be without merit, as the processor knows, or can easily ascertain, whether the tax is borne by it or is passed on to the vendee. This is information peculiarly within its knowledge. To the cost of its investment, the raw material, wages, and other expenses of manufacture, it only needs to add a fair profit to arrive at a selling price, unless it desires to pass on the tax, in which event it will also add the amount thereof. If competition forces a reduction in the price to the extent of excluding the tax therefrom, this fact is easily susceptible of proof by the processor. A further answer to these criticisms is found in the opinion of Judge Patterson, in the case of Henrietta Mills v. Hoey (D. C.) 12 F. Supp. 61, wherein, in part, it is stated: "The plaintiffs urge that if they pay the tax they will be impeded in proceedings to recover the amount paid; that in such proceedings, in addition to proving the invalidity of the tax, they must carry the burden (under the amendment effective August 24, 1935, 7 USCA § 623 (d) (1) of proving that they have not passed on the tax to their vendees, a burden, it is said, impossible of proof. But such a requirement is not a new thing. The Revenue Act of 1928 (section 424 (a) of the act, 26 USCA § 2424), imposing a tax on automobile accessories, contained a provision relative to refunds quite similar in effect; the taxpayer was required either to show that he had not passed the tax on to his customers or to give bond to repay to the United States such part of the amount refunded as was not distributed to his customers. And the provision requiring the taxpayer to show that he had borne the ultimate burden of the tax was held valid and not unduly onerous on the taxpayer. United States v. Jefferson Electric Mfg. Co., 291 U. S. 386, 54 S. Ct. 443, 449, 78 L. Ed. 859. I cannot assent to the proposition that even where the tax has not been passed on by the processor to his customers, proof of that fact is an impossible task. Under the automobile accessories tax, taxpayers have sustained a similar burden and recovered taxes paid. The Supreme Court said in the Jefferson Electric Case: 'If the taxpayer has borne the burden of the tax, he readily can show it.' It cannot be said then that the remedy at law by way of proceedings to recover payment of tax is not complete or adequate. The assumption must be made that the provisions of section 21 (d) (1) will be administered fairly."

The objection that the plaintiff will be involved in a multiplicity of suits is not supported by the facts. A single suit would be determinative of the issue. While the case of Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 221, 76 L. Ed. 447, involved analogous questions under state statutes, the decision in principle is applicable here. The court said: "Appellees' bill of complaint does not state a case within the jurisdiction of equity to avoid multiplicity of suits. As to each appellee a single suit at law brought to recover the tax will determine its constitutionality, and no facts are alleged showing that more than one suit will be necessary for that purpose. See Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U. S. 276, 285, 286, 29 S. Ct. 426, 53 L. Ed. 796; Dalton Adding Machine Co. v. State Corporation Comm., 236 U. S. 699, 700, 701, 35 S. Ct. 480, 59 L. Ed. 797." See, also, Dodge v. Osborn, 240 U. S. 118, 122, 36 S. Ct. 275, 60 L. Ed. 557; Pacific Steam Whaling Co. v. United States, 187 U. S. 447, 23 S. Ct. 154, 47 L. Ed. 253."

Plaintiff urges that to force payment by it of the taxes would be to create excessive hardship and cause irreparable injury, but at the same time it professes an ability, and offers, to pay the taxes now claimed to be due into the registry of this court, and further offers in the same manner to make monthly payments thereafter as the same become due under the act; "the funds so paid into the registry of the court to be subject to the final orders and decrees of this court as equity and right may require." It may be contended with reason that it is less of a hardship to require payment to the collector of taxes which under administrative remedies and legal action may be recovered with 6 per cent. interest thereon than to require payment into the registry of the court, where it will not only earn no interest, but will suffer a deduction of 1 per cent. clerk's fee for receiving, handling, and disbursing. In addition, if the money is paid into the registry of the court, under the Appropriation Repeal Act, approved June 26, 1934 (section 23 of the act [31 USCA § 725v]), it may be immediately deposited in the official checking accounts with the Treasurer of the United States. Through either channel the money goes into the United States treasury. In the first instance, it cannot be gotten out so quickly but bears 6 per cent. interest; in the sec-

ond, it is subject to disbursement on order of the court, without interest, less a deduction of 1 per cent. In each instance the taxpayer may be put to the expense of litigation. This expense is certain in equity; it may be largely avoided at law by payment to the collector, if the government voluntarily allows a claim for refund. It was for the Congress to designate the officer to make the collection of its revenues. Not only has it done so, but it has provided an administrative system by which the taxpayer may obtain, with interest, a refund of taxes wrongfully collected. It is not for this court to substitute its judgment for that of the legislative department, or to constitute itself one of the governmental tax collecting agencies, especially when, in the statutes adverted to, the will of Congress has been clearly and positively stated.

■ Finally, by the provisions of section 405 of the Revenue Act of 1935, this court is deprived of all jurisdiction to render a declaratory judgment in connection with the taxes claimed by the defendant to be due and owing by the plaintiff. This act sets at rest whatever uncertainty heretofore existed as to whether or not the Federal Declaratory Judgments Act of June 14, 1934 (28 USCA § 400), was applicable to controversies under the revenue laws of the United States.

The plaintiff having failed entirely to show any grounds for equitable relief, because it had, and still has, a plain, adequate, and complete remedy at law, its motion for a preliminary injunction should be denied, and the defendant's motion to dismiss the bill should be granted, except that in so far as the bill asks for purely legal relief, the cause, the plaintiff having so requested, will be transferred to the law docket.