### HELLER BROS. CO. v. LIND et al., and six other cases.*

Nos. 6696–6700, 6705, 6712.

United States Court of Appeals for the District of Columbia.

Argued Oct. 8, 1936.
Decided Nov. 9, 1936.

Theodore B. Benson, of Washington, D. C., Merritt Lane, of Newark, N. J., and Frederick H. Wood, of New York City, for appellant.

Charles Fahy and J. Warren Madden, both of Washington, D. C., for appellees.

Before ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

This case and six others substantially like it are here on appeal from judgments of the District Court denying preliminary injunctions and dismissing bills brought to

*Writ of certiorari denied 57 S. Ct. —, 81 L. Ed. —.

enjoin the members of the National Labor Relations Board from the commission of certain acts threatened under the authority of the National Labor Relations Act, approved July 5, 1935, 49 Stat. 449, 29 U.S. C.A. §§ 151–166. Two of the suits, Nos. 6699 and 6700, were brought to enjoin the Board from holding and conducting an election under section 9 (c) of the act, 29 U.S.C.A. § 159 (c), for choosing representatives of employees for purposes of collective bargaining with the employers. Three of the suits, Nos. 6696, 6697, and 6698, were brought to enjoin the Board from conducting hearings under section 10 (a) of the act, 29 U.S.C.A. § 160 (a), for the purpose of determining whether or not appellants had been or were engaged in unfair labor practices. Another of the suits, No. 6705, was brought to enjoin the Board from conducting a hearing under section 9 (c) for the purpose of determining whether or not an election should be held; and the remaining case, No. 6712, was brought to enjoin the Board from conducting a hearing under section 10 (a) and from conducting another hearing under section 9 (c).

The bills charge that the appellants have no plain, adequate, or complete remedy at law and accordingly are entitled to injunctive relief. Stated generally, the grounds alleged as showing irreparable injury are that the proposed hearings and elections to be conducted by the Board must inevitably result in friction, discord, loss of efficiency, destruction of morale among employees, increased cost of production, and loss of business.

Appellant is engaged in the manufacture of hardware implements in the State of Ohio. Appellant in No. 6697 is engaged in Massachusetts in the business of tanning and processing hides and manufacturing and selling leather. Appellant in No. 6698 is engaged in manufacturing shoes and the operation of a shoe plant in Indiana. Appellant in No. 6699 owns and operates a cotton mill in Georgia. Appellant in 6705 is a Massachusetts corporation with its plant in Maine and is engaged in manufacturing cloth. Appellant in 6712 is engaged in operating shipbuilding yards and ship repair plants in California. In the case of all appellants a part of their raw material is bought in the State in which the business is located and a part outside the State, and the finished product in each instance is sold both within and without the State of manufacture.

The District Court held that the act was constitutional—as to which we express no opinion—and also that the allegations of the bills fail to show irreparable damage. We have reached the same conclusion.

Both sides agree that injunction does not lie merely because an act is unconstitutional, and both sides likewise agree that some otherwise irremediable injury, resulting or threatened, must be shown. Considered from this point of view we have now put aside the question whether the act is unconstitutional in whole or in part and look to the bills to determine whether there is any allegation of threatened invasion of the rights of any of appellants such as would, if not restrained, result in substantial damage. As we have seen, the threatened damage is that the proposed activities of the Board under the provisions of the act must inevitably result in friction, discord, loss of efficiency, and destruction of morale among employees. In other words, that the hearings and elections proposed to be had will result in disturbing the harmonious relations of appellants and appellants' employees, and in addition will require the attendance of officers and employees at hearings, the employment of counsel, and like matters. But we think that these annoying incidents are not enough of themselves to establish a case for equitable relief. Dalton Adding Mach. Co. v. State Corp. Comm., 236 U.S. 699, 35 S.Ct. 480, 59 L.Ed. 797; United States v. Los Angeles & S. L. R. Co., 273 U.S. 299, 314, 47 S.Ct. 413, 416, 71 L.Ed. 651; Federal Trade Comm. v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978; Richmond Hosiery Mills v. Camp (C. C.A.) 74 F.(2d) 200; E. Griffiths Hughes, Inc., v. Federal Trade Comm., 61 App.D. C. 386, 63 F.(2d) 362; E. I. Dupont De Nemours & Co. v. Boland (C.C.A.) 85 F. (2d) 12.

The act itself provides for judicial review at the instance of the employer, and every order of the Board which is not voluntarily obeyed is subject—before it is final and conclusive—to judicial scrutiny. What the Board does is primarily investigatory—it is the order of a court of competent jurisdiction which gives vitality to its acts and proceedings. The act also provides an easy access to the court when-

ever there is believed to be an arbitrary exercise by the Board of any of the powers conferred by the act. It is clear, therefore, that no irreparable injury will ordinarily result from the procedure authorized by the act, and no special or unusual damage is charged in any of the bills. In saying this, we are by no means unmindful that the threatened proceedings of the Board in any one or all of the cases may result in creating inharmonious relations between the employer and the employee. Nor have we any doubt that employers' participation in the proposed proceedings will involve some expense of time to the officials of all of appellants. And, if the act should subsequently be held to be unconstitutional in a proper case, these losses will have to be borne without redress. But—as was said by Judge Sibley in a similar case in the Fifth Circuit [1]—these things are incident to every sort of trial and are part of the social burden of living under government. They are not the irreparable damage as to which equity will interfere to prevent.

The temporary restraining order which we issued at the preliminary hearing in this case and in Nos. 6697, 6698, 6699, 6700, 6705, and 6712, is set aside and annulled, and the decrees of the District Court in all seven cases, holding the bills without equity, are affirmed.

Affirmed.

---

[1] Bradley Lumber Company v. National Labor Relations Board (C.C.A.) 84 F. (2d) 97, certiorari refused October 12, 1936, 57 S.Ct. 21, 81 L.Ed. ——.