## BEEBE CORPORATION v. MILLIS, Chairman, NLRB, et al.

District Court, S. D. New York.

Jan. 12, 1945.

---

Nordlinger, Riegelman, Cooper & Benetar, of New York City (Joseph Benetar, of counsel), for plaintiff.

Alan F. Perl, of New York City (Alvin J. Rockwell, Gen. Counsel and David Findling, both of Washington, D. C., and Martin I. Rose, of New York City, on the brief), for defendant.

BONDY, District Judge.

The plaintiff moves for a preliminary injunction to restrain the defendants, the National Labor Relations Board and the Regional Director of the Board, from directing or conducting any election to determine the collective bargaining representative of plaintiff's employees.

The defendants move to dismiss the complaint on the ground that this Court has not any jurisdiction to interfere with the proceedings of the Board under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.

The grounds upon which the motion is made by the plaintiff are that the Board acted without authority or jurisdiction in directing such election, and that the holding of such an election among plaintiff's employees threatens irreparable injury to the plaintiff and will disrupt production.

The complaint and the motion papers allege that the United Hatters, Cap & Millinery Workers International Union, AFL, filed a petition with the Board which among other things stated that the employer has refused to recognize the union as the exclusive collective bargaining agent of plaintiff's employees and that such refusal has given rise to a question concerning representation affecting commerce within the meaning of the National Labor Relations Act and requested the Board to investigate the controversy and certify the name of the representative selected by the employees.

The plaintiff contends that the Board was without power to proceed with the petition, because the petition on its face disclosed that the union did not claim to represent the majority of the employees, and because the evidence before the trial examiner disclosed that the union actually did not represent a majority and that the organizer for the union knew that the union did not represent a majority.

The Act provides that whenever a question affecting commerce arises concerning the representation of employees, the Board may investigate such controversy and certify to the parties, in writing, the name or names of the representatives that have been designated or selected. 29 U.S.C.A. § 159(c).

The statement of the trial examiner indicates that the union represents a substantial number of employees in the unit.

 This was sufficient to authorize a direction of election. The Act does not require action by a majority of employees as a condition precedent to the Board's power to investigate and direct an election to determine who shall be the exclusive bargaining representative of a unit.

Moreover, it does not appear that an investigation or a direction of an election by the Board or by any employee or other person to ascertain a collective bargaining representative of a group is unlawful or violates any right of the employer.

 It has been decisively determined that the courts will not review or enjoin the proceedings of the Board in connection with the investigation, the calling of a meeting or the certification of representatives for collective bargaining until and unless the Board has entered a final order based on the facts certified in such proceedings. It has also been held, contrary to plaintiff's contention, that the equity power of this Court cannot be invoked to enjoin proceedings of the Board unless its action is unlawful and unless plaintiff is threatened with irreparable damage by reason thereof, and that facts like those set forth by the plaintiff do not constitute a threat of irreparable damage or show any special circumstances which make the review provided by the statute an inadequate remedy. Reilly v. Mills, App.D.C., 144 F.2d 259; E. I. Dupont de Nemours & Co. v. Boland, 2 Cir., 85 F.2d 12; Heller Bros. Co. v. Lind, 66 App.D.C. 306, 86 F.2d 862, certiorari denied 300 U.S. 672, 57 S.Ct. 611, 81 L.Ed. 878; Associated Press v. Herrick, D.C., 13 F.Supp. 897. See United Employees Association v. National Labor Relations Board, 3 Cir., 96 F.2d 875; National Labor Relations Board v. International Brotherhood, 308 U.S. 413, 60 S.Ct. 306, 84 L.Ed. 453.

Plaintiff's motion for an injunction accordingly is denied and the complaint dismissed.