## JOHN J. CASALE, Inc., v. PEDRICK.

District Court, S. D. New York.
June 24, 1947.

Charles E. Cotterill, of New York City, for plaintiff.

John F. X. McGohey and Jay Slonim, both of New York City, for defendant.

BONDY, District Judge.

Plaintiff brought this suit in equity to enjoin defendant from assessing against it tax penalties for failure to comply with the provisions of Section 620(a) of the Revenue Act of 1942, 26 U.S.C.A.Int.Rev. Code, § 3475.

This section imposes a tax equal to three per cent. of the amount paid to a person engaged in the business of trans-

porting property for hire by motor vehicle on the person making such payment, to be collected by the person receiving such payment, who is required to register with the collector and monthly to make a return and pay the taxes so collected to the collector.

Under 26 U.S.C.A. Internal Revenue Code, § 1718(c), any person who wilfully fails to pay, collect or truthfully account for and pay over the tax on the transportation of property, is liable in addition to other penalties to a penalty of the amount of the tax, not paid, collected or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected.

At the close of plaintiff's case defendant moved to dismiss the complaint and rested. The facts are not in dispute. The issue presented by the record is whether or not plaintiff is engaged in the business of transporting property for hire by motor vehicle.

Plaintiff is engaged in the business of leasing trucks for carriage of freight, most of them without drivers. As to these there is no claim that they are used by plaintiff in the business of transporting property for hire. Such a claim, however, is made as to about twelve and one-half per cent. of its very large number of trucks which are leased by plaintiff with drivers supplied by it. Over all its trucks it exercises a control which it deems necessary in order to safeguard them against improper use.

■ Irrespective of whether or not plaintiff is engaged under any of these circumstances in the business of transporting property for hire, the complaint must be dismissed for lack of jurisdiction.

Section 267 of the Judicial Code, 28 U.S.C.A. § 384, provides: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." 26 U.S.C.A. Internal Revenue Code, § 3653(a) provides that, with certain exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

■ It is well established that a suit will not lie to restrain the collection of a tax on the ground of its illegality because such a suit would interfere with the collection of revenues essential for the maintenance of the government. However, "in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector." Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422. See Concentrate Mfg. Corporation v. Higgins, 2 Cir., 90 F.2d 439, 441, certiorari denied 302 U.S. 714, 58 S.Ct. 33, 82 L.Ed. 551.

Neither the complaint nor the record discloses any special or extraordinary circumstances to justify resort to equity. Plaintiff could have demanded of the users of its trucks with drivers the payment of the tax, and could have reported any refusal to comply with the demand to the collector for direct assessments against the users. Treasury Regulations 113, Section 143.55. It was not under any obligation to enforce by legal process the collection of the taxes. In any case the law affords plaintiff an opportunity for a judicial review of the legality of the administrative act of the Commissioner in assessing the tax, by the payment of the tax or any tax penalty assessed for noncollection thereof, and by instituting an action to recover the same after denial of its claim for refund. 26 U.S.C.A.Int.Rev.Code, §§ 3770(a) (1), 3471(a), 3313, 3772(a) (2); California v. Latimer, 305 U.S. 255, 261, 59 S.Ct. 166, 83 L.Ed. 159.

Substantially every contention plaintiff has made in order to sustain its action for an injunction was considered in Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237. As the court stated, the Social Security Act, 26 U.S.C.A.Int.Rev.Code, § 1401, therein involved required the employer of the taxpayer to collect the tax of the employee by deducting the amount from his wages when paid and provided that the employer should be liable for the payment to the collector of taxes so withheld. The plaintiff did not collect taxes

from its alleged employees to be paid by it to the government. The Commissioner thereupon assessed under 26 U.S.C.A. Internal Revenue Code, § 2707(a), applicable to the Social Security Act, which section is identical with Internal Revenue Code Section 1718(c), supra, under which penalties were assessed herein, penalties of the amount of the tax not collected or paid. Plaintiff therein sought to enjoin the collection of such assessments urging the existence of extraordinary and unusual circumstances. The court denied such relief for lack of jurisdiction.

Section 1718(c), supra, expressly provides that penalties for failure to collect the tax are to be assessed and collected in the same manner as taxes are assessed and collected.

 Any person required to pay to the collector a tax on the transportation of property is a taxpayer and this is so though he must first collect such tax from another taxpayer. Cf. Reams v. Vrooman-Fehn Printing Co., supra, 6 Cir., 140 F.2d at page 240. The court may not enjoin the assessment or collection of civil tax penalties imposed as a part of the tax to enforce compliance with the tax laws. Reams v. Vrooman-Fehn Printing Co., supra, 6 Cir., 140 F.2d at page 240, 241; Burke v. Mingori, 10 Cir., 128 F.2d 996, 997, certiorari denied 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533; Harvey v. Early, 4 Cir., 160 F.2d 836, 837; McDowell v. Heiner, D.C., 9 F.2d 120, affirmed 3 Cir., 15 F.2d 1015, certiorari denied 273 U.S. 759, 47 S.Ct. 473, 71 L.Ed. 877. Such tax penalties are not in the nature of punishment for a criminal offense as were the penalties involved in Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061, and Regal Drug Corp. v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318. See Helvering v. Mitchell, 303 U.S. 391, 402, 58 S.Ct. 630, 82 L.Ed. 917.

Though plaintiff informed its lessees that the Commissioner had determined that the plaintiff was engaged in the business of transporting property for hire and accordingly was under the duty to collect the tax from the lessees, it does not appear that it lost a single customer. In fact, it thereafter secured many new customers and many old customers renewed their contracts despite the additional circumstance that from November 10, 1944 until after the commencement of the action an outstanding order of a division of the Interstate Commerce Comission declared plaintiff a contract carrier, of which plaintiff's customers were also informed. The record discloses that plaintiff's business and tangible assets are very extensive, that it enjoys bank credit amounting to millions of dollars and that it is well able to pay the penalties assessed against it to avoid distraint of any of its property for their collection and upon having done so to bring an action at law to review the legality of the assessments. It does not appear that in the event plaintiff suffered a wrongful distraint it would not have an adequate remedy at law. Reams v. Vrooman-Fehn Printing Co., supra, 6 Cir., 140 F.2d at page 241.

 Plaintiff is not entitled to equitable relief on the ground that it will be under the necessity of instituting a multiplicity of suits to recover taxes or penalties illegally assessed and paid. One suit based upon its first claim for refund would establish its taxable status. Reams v. Vrooman-Fehn Printing Co., supra, 6 Cir., 140 F.2d at page 242; Huston v. Iowa Soap Co., 8 Cir., 85 F.2d 649, 653–656, 108 A. L.R. 173, certiorari denied 299 U.S. 594, 57 S.Ct. 119, 81 L.Ed. 437; Fisher Flouring Mills Co. v. Vierhus, 9 Cir., 78 F.2d 889, 893; Meridian Grain & Elevator Co. v. Fly, D.C., 12 F.Supp. 64, 66; Rieder v. Rogan, D.C., 12 F.Supp. 307, 318, 319; C. F. Simonin's Sons v. Rothensies, D.C., 13 F. Supp. 807, 808.

Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448, on which plaintiff chiefly relies, is clearly distinguishable. In denying an injunction on the merits, the Court assumed jurisdiction only on the ground that the State was entitled to a determination of the question whether the tax, the collection of which was threatened, constituted an unconstitutional burden upon a governmental activity of the State. It also appeared that the tax had previously been collected by the State and paid to the Treasury and claim for refund had been made and rejected on the ground that the

collecting agent had no interest in the fund which would justify repayment if it had been illegally collected.

 Section 274d of the Judicial Code, 28 U.S.C.A. § 400, expressly provides that in cases of actual controversy, except with respect to Federal taxes, the Federal courts shall have power to declare rights and other legal relations of interested parties, whether or not further relief is or could be prayed. This court, therefore, can not grant plaintiff's request for a judicial determination whether or not plaintiff has been engaged in the business of transporting property for hire.

The complaint accordingly must be dismissed.