**NEWMARK & COMPANY, Respondent-Appellant,**

v.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Petitioner-Appellee.**

**No. 361, Docket 28679.**

United States Court of Appeals Second Circuit.

Argued Feb. 14, 1964.

Decided April 15, 1964.

---

Fink, Weinberger & Levin, New York City, for respondent-appellant.

Charles Donahue, Sol. of Labor, Bessie Margolin, Associate Sol., Robert E. Nagle, Atty., U. S. Dept. of Labor, John A. Hughes, Regional Atty., for petitioner-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

WATERMAN, Circuit Judge.

The Administrator of the Wage and Hour Division of the United States Department of Labor, acting pursuant to Sections 9 and 11(a) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, as amended, 29 U.S.C. § 201 et seq., issued and caused to be served upon appellant, a New York partnership engaged in real estate building management, a subpoena *duces tecum,* requiring appellant to produce, at a time and place stated, specific records relating to the employment and payroll practices during 1961 and 1962 of appellant, its branches and subsidiaries throughout the United States, and the sources and amounts of revenues realized by appellant, its branches and subsidiaries, during that period. The subpoena was issued after the Administrator, acting through one of his authorized representatives, had requested appellant for permission to inspect its records and the permission had been denied.

After appellant had also refused to respond to the subpoena *duces tecum,* the Secretary of Labor, acting pursuant to Section 9 of the Fair Labor Standards Act, 29 U.S.C. § 209, applied to the United States District Court for the Southern District of New York for an order requiring appellant to produce the information required by the subpoena. The Secretary alleged in his petition that the Administrator had issued the investigative subpoena because he had reasonable grounds for believing that appellant had employees whose duties brought them within the general coverage of the Fair Labor Standards Act and that there

might exist violations of Section 6 of the Act, that the records specified in the subpoena were. relevant and material to a determination of whether appellant had employees covered by the Act or was violating Section 6 thereof, and that access to and examination of those records would aid in the enforcement of the Act. The district court, rejecting appellant's claim that a prerequisite to the issuance of such an order was a jurisdictional determination by the court that appellant was covered by the Act, issued the order sought by the Secretary of Labor. We agree that compliance with the subpoena is required, and affirm the order below.

■ Section 11(a) of the Fair Labor Standards Act, 29 U.S.C. § 211(a), provides that the Administrator or his representatives may investigate such facts, conditions, practices or matters as the Administrator may deem necessary or appropriate to determine whether any person has violated the Act, or which may aid in the enforcement of the provisions of the Act. This entitles the Administrator to a judicial enforcement of a subpoena *duces tecum,* issued in aid of an investigation under the Act and designed to facilitate a determination of whether violations of the Act are taking place, even though there has been no prior judicial determination that a particular business being investigated comes within the coverage of the Act. Federal Trade Commission v. Crafts, 355 U.S. 9, 78 S.Ct. 33, 2 L.Ed.2d 23 (per curiam), reversing 244 F.2d 882 (9 Cir. 1957); Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943); Tobin v. Banks & Rumbaugh, 201 F.2d 223 (5 Cir.), cert. denied, 345 U.S. 942, 73 S.Ct. 832, 97 L.Ed. 1368 (1953); Walling v. Standard Dredging Corp., 132 F.2d 322 (2 Cir. 1943) (per curiam), affirming 44 F. Supp. 601 (S.D.N.Y.1942). To be sure, the subpoena must not be issued arbitrarily or capriciously, for it must be lawfully issued, in the sense that it must be issued for a purpose authorized by Congress in order to obtain information relevant to that purpose, and its demand for the production of the information must be reasonable in the specification of the type and quantity of documents or records required and the manner in which they are to be delivered. Oklahoma Press Publishing Co. v. Walling, supra, 327 U.S. at 208–209, 66 S.Ct. at 505–506.

■■ Though appellant argues to us that the subpoena was not lawfully issued, it makes no attempt to show that the subpoena was not issued pursuant to an official investigation by the Administrator, and does not indicate how production of the records required by the subpoena would be in any way unduly burdensome. Rather, appellant, confusing the term "lawful purpose" as it has been used in decisions dealing with the legitimacy of investigative subpoenas, claims that the subpoena serves no lawful purpose and is abusive, because appellant maintains that under the applicable law appellant is not covered by the Fair Standards Act. This argument is wholly at odds with the authorities cited above, and by-passes the fact that a lawful investigating purpose authorized by Congress in a case such as this may be the determination whether facts exist, including those relevant to the issue of coverage, which point to a violation of the Act. Although it might well save time and expense for all concerned if the Administrator first examined such records as were relevant to coverage and then proceeded beyond that only if convinced that appellant were covered, the Oklahoma Press decision makes it plain that the course of the investigation is for the Administrator to determine. If appellant believes that the nature of its operations is not such as to render it subject to the Act, it can properly litigate that issue if and when the Administrator attempts to enforce the Act's substantive requirements against it after the completion of the administrative investigation.

Affirmed.