ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* ALABAMA PUBLIC SERVICE COMMISSION ET AL.

No. 568. Argued April 24, 25, 1929.—Decided May 20, 1929.

Mr. *Forney Johnston*, with whom *Messrs. E. T. Miller, E. H. Cabaniss*, and *W. R. C. Cocke* were on the brief, for appellant.

Mr. *J. Q. Smith*, Special Assistant Attorney General of Alabama, with whom *Mr. Charlie C. McCall*, Attorney General, was on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Section 9713 of the Code of Alabama (1923) prohibits a railroad from abandoning " any portion of its service to the public . . . unless and until, there shall first have been obtained from the [Public Service] Commission a permit allowing such abandonment." Very severe penalties, including punishment of officers, agents and employees, are prescribed in case the abandonment is willful. §§ 9730, 9731, 5350, 5399. Without obtaining such permission or applying therefor, the St. Louis-San Francisco Railway discontinued two interstate trains by means of which it had long furnished intrastate service between several cities and towns in Alabama. Then it brought, in the federal court for the Middle District of that State, this suit against the Commission, the Attorney General and other officials, to enjoin the commencement of proceedings to enforce the penalties prescribed. An application for an interlocutory injunction, heard before three judges

under § 266, was denied, 27 Fed. (2d) 893. A restraining order, issued upon the filing of the bill, was continued in force pending the determination of this appeal.

The bill alleges that the operation of the interstate trains by which the intrastate service had long been furnished had involved the carrier in losses; that the service still furnished by other trains is adequate to supply the reasonable needs of the communities; that, upon learning of the discontinuance of the service, the Commision demanded that it be restored, without first hearing the carrier; that if § 9713 is construed as requiring the carrier to obtain the Commission's permission before discontinuing intrastate service rendered by means of an interstate train, or as prohibiting such discontinuance although an unreasonable burden is thereby imposed upon the carrier, the statute violates the commerce clause of the Federal Constitution; that if construed as requiring, without a prior hearing, reinstatement of the service so discontinued, it violates also the due process clause; and that the matter in controversy exceeds the jurisdictional amount. The prayers are for an injunction against enforcing any penalty for discontinuance of the service or for failure to reinstate the same; and for a declaration that the statute, if construed as stated, is void under the federal Constitution. The answer denies many of the allegations of the bill.

The Railway contends that it had no way of testing the constitutionality of the statute, otherwise than by this suit. It urges that if it had applied to the Commission for permission to discontinue the service, it would have thereby recognized its jurisdiction; and that since the Commission did not before directing reinstatement of the service issue any order to the carrier to appear, there was no action by the Commission which could form the basis

for a review in courts of the State. We have no occasion to consider the issues of fact or to determine whether the Alabama statute if construed as suggested is obnoxious to the Federal Constitution. Upon facts admitted it is clear that the carrier should not have discontinued the intrastate service without first applying to the Commission for permission. No constitutional right could have been prejudiced by so doing. No emergency existed requiring immediate action. And no serious financial loss would have been incurred by the slight delay involved. *Western & Atlantic R. R.* v. *Georgia Public Service Commission,* 267 U. S. 493, 496; *Lawrence* v. *St. Louis-San Francisco Ry. Co.,* 274 U. S. 588, 595.

The past failure of the Railway to apply for leave to discontinue the service does not, however, justify exposing it, and its officers and employees, to the severe penalties prescribed by the statute. It may be that, upon full presentation of the facts, the Commission would find that to continue the service would subject the carrier to an unreasonable burden; or the carrier may suggest some satisfactory substitute for the specific service now demanded of it. The Commission should give to the Railway the opportunity of presenting the facts; and if an application is made promptly, the matter should be determined by the Commission without subjecting the Railway to any prejudice because of its failure to ask leave before discontinuing the service. Compare *Lawrence* v. *St. Louis-San Francisco Ry. Co.,* 278 U. S. 228. To this end the decree will be vacated; and the restraining order will be continued. Compare *Ohio Oil Co. v. Conway, post,* p. 813. If after such hearing the Commission insists that the service objected to be restored, further proceedings appropriate to the situation may be had in the cause in the District Court.

*Decree vacated.*