**COURIER–JOURNAL CO. et al. v. FEDERAL RADIO COMMISSION.**

No. 5190.

Court of Appeals of District of Columbia.

Argued Dec. 1, 1930.

Decided Jan. 6, 1931.

Swagar Sherley, Fred DeC. Faust, and Charles F. Wilson, all of Washington, D. C., for appellants.

Thad H. Brown, Elmer W. Pratt, and D. M. Patrick, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order modifying the broadcasting station license of appellants by a change of the frequency theretofore allotted to the station.

The appellants are the owners of a radio broadcasting station located at Louisville, Ky., and answering to the call signal WHAS. The station was regularly licensed by the Federal Radio Commission for the period of 90 days ending April 30, 1930, to operate on a frequency of 820 kilocycles, cleared channel, with a power output of 10 kilowatts, without limitation of time.

On March 22, 1930, appellants duly applied for a renewal of the license for the next regular 90-day license period, to continue operation upon the frequency of 820 kilocycles, and with similar power output and time of operation.

On April 7 and April 14, 1930, the Commission passed certain regulations and orders whereby the frequency assignment of appellants' station was to be changed from 820 kilocycles, as theretofore employed, to a frequency of 1,020 kilocycles, which had never before been allotted to the station. This change in frequency was to become effective on April 30, 1930, at 3 a. m., Eastern standard time. No provision was made in the order dated April 7, for any notice to the station or hearing by the Commission. It was provided, however, by the Commission's minute entry of April 14, that, "in event any station named above is not satisfied with its operation under its aforesaid assignment it may be heard on June 17, 1930, provided, that such station shall give notice to the Commission of its desire for such hearing twenty days or more prior to said date. However, the effective date of the licenses issued hereunder shall be April 30, 1930, at 3 a. m., Eastern Standard Time."

On April 21, 1930, the appellants filed an appeal in this court under authority of section 16 of the Radio Act of 1927 (44 Stat. 1162, 1169 [47 USCA § 96]), based in part upon the ground that the Commission had failed to give them notice or grant them a hearing of the proposed change of frequency, prior to the date when it was to become effective.

In our opinion, this complaint is sustained by the facts above recited, to wit, that under the Commission's order the change in frequency was to become effective on April 30, 1930, whereas no hearing was provided for until June 17, 1930. In the meantime, the station would be deprived of the frequency for which it was contending without an opportunity to be heard. This was error.

It appears that, after the taking of this appeal and during its pendency, the Commission passed various orders designed to provide appellants with notice and a hearing in respect to the matter. The Commission contends that these orders have rendered the present appeal moot. We do not agree with this contention, for in our opinion appellants are entitled to have the orders appealed from reversed in so far as they affect their license, and the cause remanded for such proper proceedings, if any, which the Commission may desire to take in the matter.

Other issues are discussed in the briefs of counsel, but we deem it unnecessary at this time to pass upon them.

The orders appealed from are reversed, and the Commission is ordered to renew appellants' license from time to time to operate as heretofore upon the frequency of 820 kilocycles until such time as it may be determined as the result of a hearing after due notice upon issues clearly defined that such continued operation is not in the public interest, convenience, or necessity. And this cause is remanded accordingly.