## WESTINGHOUSE ELECTRIC & MANUFACTURING CO. v. FEDERAL RADIO COMMISSION (four cases).

### Nos. 5104, 5105, 5150, 5192.

Court of Appeals of District of Columbia.

Argued Jan. 8, 1931.

Decided Feb. 2, 1931.

Richard H. Wilmer, of Washington, D. C., and Frederick H. Wood, of New York City, for appellant.

Thad. H. Brown, D. M. Patrick, and Arthur W. Scharfeld, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

These four appeals are brought by the same appellant and are based upon a claim of the appellant for a license to operate its radio broadcasting station KYW–KFKX, located near Addison, Ill., upon a cleared channel with a frequency of 1,020 kilocycles, and power not in excess of 10 kilowatts, and with unlimited time of operation. The Federal Radio Commission has refused this claim.

In appeals No. 5104 and 5105 appellant alleges that from April 30 to July 31, 1929, it held a license regularly issued by the Commission permitting it to operate its broadcasting station on a cleared channel of 1,020 kilocycles, 10 kilowatts power, and unlimited time, and that it duly applied for a renewal of this license; that the Commission issued a renewal license to it which, however, contained a material qualification not contained in the original license; that it was recited in this qualification that the license was issued with the understanding "that the cleared channel or frequency of 1020 kilocycles has been allocated for use by stations in the Second Zone created by section 2 of the Radio Act of 1927 (47 USCA § 82), and this license is issued only for a temporary period of 90 days and will not be renewed provided application is made for the use thereof by a proper applicant or applicants within said Second Zone above referred to." Appellant alleges that its location is not in the Second zone but in the Fourth zone, and therefore this qualification was in effect a refusal to renew its former license. Appellant avers that it was added to the license without notice to it, and without any opportunity for it to be heard or to introduce testimony concerning it, and against appellant's manifest rights and interests, and that the qualification is contrary to the public interest, convenience, and necessity. Answers were filed in these appeals by the Commission, and various motions were interposed by the parties.

In appeal No. 5150 the appellant alleges that on December 24, 1929, it completed a new broadcasting station constructed to replace its former station under a construction permit granted by the Commission, the newly constructed station to be operated under the same call letters and on the same frequency, to wit, 1,020 kilocycles, without condition or qualification other than the usual and general ones prescribed by statute and included in all such permits, and that appellant regularly applied for a station license therefor to be effective January 31, 1930, with terms similar to those of the former license. But in lieu thereof the Commission granted to appellant a license containing the qualification above set out; and that this was done without prior notice to appellant, and without granting a hearing to appellant concerning the qualification or giving appellant an opportunity to be heard thereon, and contrary to the public interest, convenience, and necessity. The Commission also filed its answer in this appeal.

In appeal No. 5192 the appellant alleges that on April 30, 1930, it was operating its aforesaid station by license duly issued to it by the Commission, upon a frequency of 1,020 kilocycles, and that it regularly applied for a renewal thereof, but that the Commission issued a license to it for operation on a frequency of 1,140 instead of 1,020 kilocycles, and assigned the latter frequency to broadcasting station WHAS located at Louisville, Ky.; that these changes had not been requested by either of the two stations, and were made without any notice to either of them, and without any hearing or opportunity for a hearing before the date thereof, and contrary to the public interest, convenience, and necessity. The Commission has filed its answer in this appeal also, and the four cases have been consolidated and heard together by the court.

There are various questions raised by these appeals, but we think that their present disposition plainly follows from a single principle heretofore stated by this court in deciding the appeal of Courier-Journal Company v. Federal Radio Commission, 60 App. D. C. 33, 46 F.(2d) 614, handed down on the 6th of January, 1931. That case related to the identical action of the Commission complained of in the present appeal No. 5192. In that case the order of the Commission was reversed because of its failure to give prior notice to the station affected by the proposed change, in order to permit of a hearing in relation thereto. See, also, Charles McK. Saltzman et al. v. Stromberg-Carlson Telephone Mfg. Co., 60 App. D. C. 31, 46 F.(2d) 612, decided by this court January 6, 1931.

In accordance with the ruling in that case we reverse the orders complained of in these four appeals, and the Commission is ordered to renew appellant's license from time to time to operate upon the frequency of 1,020 kilocycles without the qualification in question, until such time as it may be determined as the result of a hearing after due notice upon issues clearly defined that such continued operation is not in the public interest, convenience, or necessity. And these causes are remanded accordingly.