This appeal is from an order denying a motion to dissolve a temporary injunction restraining the discontinuance of the operation of interstate passenger trains which also carry intrastate passengers in Florida, until the carrier applies for and obtains permission to discontinue such trains from the Florida railroad commission. The order also denied a motion to dismiss the bill of complaint made a part of the motion to dissolve the temporary injunction. The appeal covers both phases of the order.
The constitution provides that:
 "The legislature is invested with full power to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons and corporations engaged as common carriers in transporting persons and property, or performing other services of a public nature; and shall provide for enforcing such laws by adequate penalties or forfeitures." Section 30, Article XVI.
This organic provision and the statutes enacted thereunder, contemplate that State regulations of persons and corporations engaged as common carriers or performing other services of a public nature, shall be efficient and *Page 290 
adequate to conserve the public welfare. The quoted section and the statutes also intend that such regulations shall not deny due process or equal protection of the laws, and shall not invade or encroach upon dominant Federal authority including the instrumentalities of the Federal government and the power of Congress to establish post roads and to regulate interstate or foreign commerce under the Federal constitution.
The State Railroad Commissioners are statutory officers who have only such administrative regulatory authority as may be conferred and as is expressly or impliedly limited by statutes. Among the implied limitations of every legislative enactment is the requirement that every such enactment shall accord with the commands and limitations contained in the Federal and State constitutions.
In exerting the authority conferred upon them by statute, the railroad commissioners may, within the limitation expressly or impliedly defined by organic or statutory law, exercise reasonable administrative discretion and judgment to effectuate the intent of the law as it may legally be applied to varying conditions. Statutory authority given to administrative officers, must be exerted in accordance with the requirements of controlling provisions and principles of law; and every exercise of such authority must be authorized by controlling law and must be reasonable and appropriate in the method and extent of its application. Rules duly adopted by the railroad commissioners may be the exercise of authority conferred by statute; but such rules cannot add to or vary the nature or the extent of the authority conferred upon the commissioners. Such authority must be conferred by a duly enacted statute having the force of law pursuant to the commands and limitations of the *Page 291 
paramount organic law. Section 30, Article XVI, constitution.
The Florida Railroad Commission has authority under the statute to regulate intrastate passenger transportation even on interstate trains when Federal authority is not interfered with; but it cannot enforce the continued operation of an interstate passenger train merely because it carries passengers between points in the State on its line. In the absence of a controlling Federal regulation upon the subject, the State commission may require application to be made to it for permission to discontinue intrastate passenger service by an interstate passenger train on its regular line. This is permissible to enable the State commission to make proper orders for the rendering by the carrier of the intrastate service that may be interrupted by a discontinuance under Federal authority of the interstate trains that had been rendering the intrastate service.
The allegations of the bill of complaint indicate that if the interstate train known as the "SOUTHLAND" is discontinued, there should be supplied a substituted service to meet the reasonable requirements of the intrastate traveling public to and from the Florida points named. Such reasonable passenger service may be duly required of the carrier on its interstate trains by the railroad commission under the statute in the absence of conflicting Federal regulations. Such requirement may be lawfully accomplished, not by an enforced continued operation of an interstate train, but by requiring the defendant common carrier to supply the appropriate service by means of proper train facilities operating between Florida points, if and when the operation of the interstate train is discontinued.
The commissioners may require reasonable notice of a contemplated discontinuance of intrastate service being *Page 292 
rendered by interstate trains, in order that the commissioners may consider and make appropriate orders with reference to the continued rendering of reasonable and proper intrastate service along the line, should the interstate trains be discontinued. This would not materially burden interstate commerce and may not conflict with Federal regulations. See St. Louis-San Francisco R. R. Co. v. Alabama Public Service Commission,279 U.S. 560, 49 Sup. Ct. 383, 73 Law Ed. 843.
Predicated upon allegations quoted in the statement herein, the prayer of the bill of complaint is that the defendant railroad common carrier be enjoined from discontinuing the running of its regular trains carrying passengers known as the "SOUTHLAND" and from discontinuing the services extended the patrons of such passenger trains until the defendant shall have fully complied with the laws of Florida and the rules of the railroad commission, and made written application for and obtained the consent of the railroad commission to discontinue the running of such regular train carrying passengers known as the "Southland" operating over what is known as the Perry Cut-Off from the Georgia-Florida line serving Monticello, Perry, Tampa and St. Petersburg and intermediate stations and until the further order of the court. The injunction order substantially follows the prayer of the bill as shown by the statement herein. The train known as the "Southland" is shown to be an interstate train. While the railroad commission may regulate the transportation of intrastate passengers on an interstate train, where there is no conflicting Federal regulation, and may require appropriate and adequate train facilities for such intrastate passengers, the State authority has no power to require the continued operation of an interstate train, even *Page 293 
though the interstate train service was supplied by suggestion or permission of the State authority.
The order herein does not only enjoin the defendant from discontinuing the intrastate service between points in Florida, or by mandatory injunction under Section 6747 Compiled General Laws, require the defendant to supply the needed intrastate service by appropriate train facilities, if and when the operation of the interstate train known as the "Southland" is discontinued on the line of defendant's railroad in Florida referred to in the prayer and in the order. The injunction order attempts to restrain the alleged threatened discontinuance of the operation of an admitted interstate train, and does not merely enjoin the discontinuance of intrastate service.
The order denying the motion to dismiss the bill of complaint is affirmed. The order denying the motion to dissolve the injunction is reversed and the cause is remanded with permission to allow the bill of complaint to be amended if desired and for further proceedings to an appropriate decree consistent with the principles stated in this opinion.
It is so ordered.
BUFORD, C.J., AND TERRELL, BROWN AND DAVIS, J.J., concur.
ELLIS, J., agrees to the conclusion reached.