## MYERS ET AL. *v.* BETHLEHEM SHIPBUILDING CORP.*

No. 181. Argued January 5, 1938.—Decided January 31, 1938.

---

*Together with No. 182, *Myers et al.* v. *MacKenzie et al.*, also on writ of certiorari to the Circuit Court of Appeals for the First Circuit.

*Mr. Robert B. Watts,* with whom *Solicitor General Reed,* and *Messrs. Robert L. Stern, Charles Fahy,* and *Philip Levy* were on the brief, for petitioners.

*Mr. Claude R. Branch,* with whom *Messrs. Frederick H. Wood, John L. Hall,* and *E. Fontaine Broun* were on the brief, for respondent in No. 181.

*Mr. B. A. Brickley,* with whom *Messrs. Alexander G. Gould* and *Oliver R. Waite* were on the brief, for respondents in No. 182.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The question for decision is whether a federal district court has equity jurisdiction to enjoin the National Labor Relations Board from holding a hearing upon a complaint filed by it against an employer alleged to be engaged in unfair labor practices prohibited by National Labor Relations Act, July 5, 1935, c. 372, 49 Stat. 449. The Circuit Court of Appeals for the First Circuit held in these cases that the District Court possesses such jurisdiction; and granted preliminary injunctions. Every other Circuit Court of Appeals in which the question has arisen has

held the contrary.[1] Because of the importance of the questions presented, the conflict in the lower courts and alleged conflict with our own decisions, we granted these writs of certiorari.

The declared purpose of the National Labor Relations Act is to diminish the causes of labor disputes burdening and obstructing interstate and foreign commerce; and its provisions are applicable only to such commerce. In order to protect it the Act seeks to promote collective bargaining; confers upon employees engaged in such commerce the right to form, and join in, labor organizations; defines acts of an employer which shall be deemed unfair labor practice; and confers upon the Board certain limited powers with a view to preventing such practices. If a charge is made to the Board that a person "has engaged in or is engaging in any . . . unfair labor practice," and it appears that a proceeding in respect thereto should be instituted, a complaint stating the charge is to be filed, and a hearing is to be held thereon upon notice to the person complained of.

The Industrial Union of Marine and Shipbuilding Workers of America, Local No. 5, made to the Board a charge that the Bethlehem Shipbuilding Corporation, Ltd.,[2] was engaging in unfair labor practices at its plant in Quincy, Massachusetts, for the production, sale and

---

[1] *E. I. Dupont de Nemours & Co.* v *Boland,* 85 F. (2d) 12 (C. C. A. 2); *Newport News Shipbuilding & Dry Dock Co.* v. *Schauffler,* 91 F. (2d) 730 (C. C. A. 4); *Bradley Lumber Co.* v. *National Labor Relations Board,* 84 F. (2d) 97 (C. C. A. 5); *Clark* v. *Lindemann & Hoverson Co.,* 88 F. (2d) 59 (C. C. A. 7); *Pratt* v. *Oberman & Co.,* 89 F. (2d) 786 (C. C. A. 8); *Heller Bros. Co.* v. *Lind*, 66 App. D. C. 306; 86 F. (2d) 862; cf. *Bowen* v. *James Vernor Co.,* 89 F. (2d) 968 (C C. A. 6); *Carlisle Lumber Co.* v. *Hope,* 83 F. (2d) 92 (C. C. A. 9); *Lyons* v. *Eagle-Picher Lead Co.,* 90 F. (2d) 321 (C. C. A. 10).

[2] A Delaware corporation, with its principal place of business at Bethlehem, Pennsylvania.

distribution of boats, ships, and marine equipment. Upon that charge the Board filed, on April 13, 1936, a complaint which alleged, among other things, that the company dominates and interferes in the manner described "with a labor organization known as Plan of Representation of Employees in Plants of the Bethlehem Shipbuilding Corporation, Ltd."; that such action leads to strikes interfering with interstate commerce; and that "the aforesaid acts of respondent constitute unfair labor practices affecting commerce, within the meaning of Section 8, subdivisions (1) and (2) and Section 2, subdivisions (6) and (7) of said [National Labor Relations] Act."

The complaint alleged, specifically:

"The respondent in the course and conduct of its business causes and has continuously caused large quantities of the raw materials used in the production of its boats, ships and marine equipment to be purchased and transported in interstate commerce from and through states of the United States other than the State of Massachusetts to the Fore River Plant in the State of Massachusetts, and causes and has continuously caused the boats, ships and marine equipment produced by it to be sold and transported in interstate commerce from the Fore River Plant in the State of Massachusetts to, into and through states of the United States other than the State of Massachusetts, all of the aforesaid constituting a continuous flow of trade, traffic and commerce among the several states."

The Board duly notified the Corporation that a hearing on the complaint would be held on April 27, 1936, at Boston, Massachusetts, in accordance with Rules and Regulations of the Board, a copy of which was annexed to the notice; and that the Corporation "will have the right to appear, in person or otherwise, and give testimony."

On that day the Corporation filed, in the federal court for Massachusetts, the bill in equity, herein numbered 181, against A. Howard Myers, Acting Regional Director for the First Region, National Labor Relations Board, Edmund J. Blake, its Regional Attorney for the First Region, and Daniel M. Lyons, Trial Examiner, to enjoin them from holding "a hearing for the purpose of determining whether or not the plaintiff has engaged at its Fore River Plant in any so-called unfair labor practices under the National Labor Relations Act, and from having any proceedings or taking any action whatsoever, at any time or times, with respect thereto." There were prayers for a restraining order, an interlocutory injunction and a permanent injunction; and, also, a prayer that the court declare that the National Labor Relations Act and "defendants' actions and proposed actions thereunder" violate the Federal Constitution.

On May 4, 1936, another bill in equity, herein numbered 182, against the same defendants, seeking, on largely the same allegations of fact, substantially the same relief, was brought in the same court by Charles MacKenzie, James E. Manning and Thomas E. Barker, employees of the Bethlehem Corporation and officers of the so-called Plan of Representation at the Fore River Plant.[3]

Upon the filing of each bill, the District Court issued a restraining order and an order of notice to show cause why a preliminary injunction should not issue. In each case the defendants filed a motion to dismiss the bill of complaint and also a return to the order to show cause. The cases were heard together. In each, the District Court issued the preliminary injunction; and the decrees therefor are still in effect. They were affirmed by the Circuit Court of Appeals for the First Circuit on Febru-

---

[3] A substituted bill of complaint was filed May 7, 1936.

ary 12, 1937. 88 F. (2d) 154. Petitions for a rehearing, based upon the conflict with the decisions of other circuit courts of appeals were denied. And the court denied also motions for leave to file a second petition for rehearing, based upon the decisions of this Court in *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1, and other cases rendered April 12, 1937. 89 F. (2d) 1000. The District Court denied the motions to dismiss the bills. 15 F. Supp. 915. But the review by the Circuit Court of Appeals dealt only with the decrees for a preliminary injunction.

The two cases present, in the main, the same questions. In discussing them reference will be made, in the first instance, only to the suit brought by the Corporation.

We are of opinion that the District Court was without power to enjoin the Board from holding the hearings.

*First.* There is no claim by the Corporation that the statutory provisions and the rules of procedure prescribed for such hearings are illegal; or that the Corporation was not accorded ample opportunity to answer the complaint of the Board; or that opportunity to introduce evidence on the allegations made will be denied. The claim is that the provisions of the Act are not applicable to the Corporation's business at the Fore River Plant, because the operations conducted there are not carried on, and the products manufactured are not sold, in interstate or foreign commerce; that, therefore, the Corporation's relations with its employees at the plant cannot burden or interfere with such commerce; that hearings would, at best, be futile; and that the holding of them would result in irreparable damage to the Corporation, not only by reason of their direct cost and the loss of time of its officials and employees, but also because the hearings would cause serious impairment of the good will and harmonious relations existing between the Corporation

48

and its employees, and thus seriously impair the efficiency of its operations.[4]

*Second.* The District Court is without jurisdiction to enjoin hearings because the power "to prevent any person from engaging in any unfair practice affecting commerce," has been vested by Congress in the Board and the Circuit Court of Appeals, and Congress has declared: "This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise."[5] The grant of that exclusive power is constitutional, because the Act provided for appropriate procedure before the Board and in the review by the Circuit Court of Appeals an adequate opportunity to secure judicial protection against possible illegal action on the part of the Board. No power to enforce an order is conferred upon the Board. To secure enforcement, the Board must apply to a Circuit Court of Appeals for its affirmance. And until the Board's order has been affirmed by the appropriate Circuit Court of Appeals, no penalty accrues for disobeying it. The independent right to apply to a Circuit Court of Appeals to have an order set aside

---

[4] It is alleged that in 1934 and 1935 the predecessor of the present National Labor Relations Board instituted somewhat similar action against the Corporation. Although the proceedings were eventually dismissed, the hearings consumed a total of some 2500 hours of working time of officials and employees and cost the Corporation more than $15,000, none of which could be recovered.

[5] Compare House Committee Report, H. R. Rep. 1147, 74th Cong., 1st Sess., p. 24: "any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may claim a review of such order in the appropriate circuit court of appeals, or in the Court of Appeals of the District of Columbia. It is intended here to give the party aggrieved a full, expeditious, and exclusive method of review in one proceeding after a final order is made. Until such final order is made the party is not injured, and cannot be heard to complain, as has been held in cases under the Federal Trade Commission Act."

is conferred upon any party aggrieved by the proceeding before the Board. The Board is even without power to enforce obedience to its subpoena to testify or to produce written evidence. To enforce obedience it must apply to a District Court; and to such an application appropriate defence may be made.[6]

As was said in *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1, 46, 47, the procedural provisions,

"do not offend against the constitutional requirements governing the creation and action of administrative bodies. See Interstate Commerce Commission *v.* Louisville & Nashville R. Co., 227 U. S. 88, 91. The Act establishes standards to which the Board must conform. There must be complaint, notice and hearing. The Board must receive evidence and make findings. The findings as to the facts are to be conclusive, but only if supported by evidence. The order of the Board is subject to review by the designated court, and only when sustained by the court may the order be enforced. Upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority, are open to examination by the court. We construe the procedural provisions as affording adequate opportunity to secure judicial protection against arbitrary action in accordance with the well-settled rules applicable to administrative agencies set up by Congress to aid in the enforcement of valid legislation."

It is true that the Board has jurisdiction only if the complaint concerns interstate or foreign commerce. Unless the Board finds that it does, the complaint must be dismissed. And if it finds that interstate or foreign commerce

---

[6] See § 11 of the Act and Article II, §§ 20 and 21, of the Rules and Regulations issued April 27, 1936. Cf. *Federal Trade Commission* v. *Claire Furnace Co.*, 274 U. S. 160; *E. I. Dupont de Nemours & Co.* v. *Boland*, 85 F. (2d) 12 (C C. A. 2).

is involved, but the Circuit Court of Appeals concludes that such finding was without adequate evidence to support it, or otherwise contrary to law, the Board's petition to enforce it will be dismissed, or the employer's petition to have it set aside will be granted.[7] Since the procedure before the Board is appropriate and the judicial review so provided is adequate, Congress had power to vest exclusive jurisdiction in the Board and the Circuit Court of Appeals. *Anniston Manufacturing Co.* v. *Davis,* 301 U. S. 337, 343–346.

*Third.* The Corporation contends that, since it denies that interstate or foreign commerce is involved and claims that a hearing would subject it to irreparable damage, rights guaranteed by the Federal Constitution will be denied unless it be held that the District Court has jurisdiction to enjoin the holding of a hearing by the Board.[8] So to hold would, as the Government insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the pre-

---

[7] Section 10 (f) of the Act provides: "Upon such filing, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same exclusive jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; and the findings of the Board as to the facts, if supported by evidence, shall in like manner be conclusive."

[8] In support of that contention the following cases were cited: *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287, 289; *Bluefield Co.* v. *Public Service Comm'n,* 262 U. S. 679, 683; *Phillips* v. *Commissioner,* 283 U. S. 589, 600; *Crowell* v. *Benson,* 285 U. S. 22, 60, 64; *State Corporation Comm'n* v. *Wichita Gas Co.,* 290 U. S. 561, 569; *St. Joseph Stock Yards Co.* v. *United States,* 298 U. S. 38, 51–52.

scribed administrative remedy has been exhausted.[9] That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.[10]

Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage.[11] Lawsuits also often prove to have been ground-

---

[9] The rule has been most frequently applied in equity where relief by injunction was sought. *Pittsburgh &c. Ry.* v. *Board of Public Works,* 172 U. S. 32, 44–45; *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, 230; *Dalton Adding Machine Co.* v. *State Corporation Comm'n,* 236 U. S. 699, 701; *Gorham Mfg. Co.* v. *State Tax Comm'n,* 266 U. S. 265, 269–70; *Federal Trade Comm'n* v. *Claire Furnace Co.,* 274 U. S. 160, 174; *Lawrence* v. *St. Louis-San Francisco Ry. Co.,* 274 U. S. 588, 592–93; *Chicago, M., St. P. & P. R. Co.* v. *Risty,* 276 U. S. 567, 575; *St. Louis-San Francisco Ry. Co.* v. *Alabama Public Service Comm'n,* 279 U. S. 560, 563; *Porter* v. *Investors Syndicate,* 286 U. S. 461, 468, 471; *United States* v. *Illinois Central Ry. Co.,* 291 U. S. 457, 463–64; *Hegeman Farms Corp.* v. *Baldwin,* 293 U. S. 163, 172; cf. *Red "C" Oil Mfg. Co.* v. *Board of Agriculture,* 222 U. S. 380, 394; *Farncomb* v. *Denver,* 252 U. S. 7, 12; *Milheim* v. *Moffat Tunnel District,* 262 U. S. 710, 723; *McGregor* v. *Hogan,* 263 U. S. 234, 238; *White* v. *Johnson,* 282 U. S. 367, 374; *Petersen Baking Co.* v. *Bryan,* 290 U. S. 570, 575; *Pacific Tel. & Tel. Co.* v. *Seattle,* 291 U. S. 300, 304. But because the rule is one of judicial administration—not merely a rule governing the exercise of discretion—it is applicable to proceedings at law as well as suits in equity. Cf. *First National Bank* v. *Board of County Comm'rs,* 264 U. S. 450, 455; *Anniston Mfg. Co.* v. *Davis,* 301 U. S. 337, 343.

[10] *Dalton Adding Machine Co.* v. *State Corporation Comm'n,* 236 U. S. 699; *Federal Trade Comm'n* v. *Claire Furnace Co.,* 274 U. S. 160; *Lawrence* v. *St. Louis-San Francisco Ry. Co.,* 274 U. S. 588; *St. Louis-San Francisco Ry. Co.* v. *Alabama Public Service Comm'n,* 279 U. S. 560; cf. *Western & Atlantic R. Co.* v. *Georgia Public Service Comm'n,* 267 U. S. 493, 496, and cases cited in note 1, *supra.*

[11] Such contentions were specifically rejected in *Bradley Lumber Co.* v. *National Labor Relations Board,* 84 F. (2d) 97 (C. C. A. 5);

less; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.

*Fourth.* The Circuit Court of Appeals should have reversed the decrees for a preliminary injunction. It is true that ordinarily the decree of a District Court granting or denying a preliminary injunction will not be disturbed on appeal. But that rule of practice has no application where, as here, there was an insuperable objection to the maintenance of the suit in point of jurisdiction and where it clearly appears that the decree was the result of an improvident exercise of judicial discretion.[12] Since the constitutionality of the Act has been determined by our decision in *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.,* 301 U. S. 1, and

---

*Clark* v. *Lindemann & Hoverson Co.,* 88 F. (2d) 59 (C. C. A. 7); *Chamber of Commerce* v. *Federal Trade Comm'n,* 52 App. D. C. 40; 280 Fed. 45 (C. C. A. 8); *Heller Bros. Co.* v. *Lind,* 66 App. D. C. 306; 86 F. (2d) 862; and *Pittsburgh & W. Va. Ry. Co.* v. *Interstate Commerce Comm'n,* 280 Fed. 1014 (App. D. C.). Cf. *United States* v. *Los Angeles & S. L. R. Co.,* 273 U. S. 299, 314; *Lawrence* v. *St. Louis-San Francisco Ry. Co.,* 274 U. S. 588; *Dalton Adding Machine Co.* v. *State Corporation Comm'n,* 236 U. S. 699; *McChord* v. *Louisville & Nashville Ry. Co.,* 183 U. S. 483; *Richmond Hosiery Mills* v. *Camp,* 74 F. (2d) 200, 201 (C. C. A. 5).

The cases cited by the Corporation are not opposed. *Watson* v. *Sutherland,* 5 Wall. 74; *Pierce* v. *Society of Sisters,* 268 U. S. 510; *Walla Walla* v. *Walla Walla Water Co.,* 172 U. S. 1; *Vicksburg Waterworks Co.* v. *Vicksburg,* 185 U. S. 65, 82; *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229, 248; *Pennsylvania* v. *West Virginia,* 262 U. S. 553, 592, 593; *City Bank Farmers Trust Co.* v. *Schnader,* 291 U. S. 24; *Truax* v. *Raich,* 239 U. S. 33; *Terrace* v. *Thompson,* 263 U. S. 197, 215–16.

[12] *Meccano Ltd.* v. *John Wanamaker,* 253 U. S. 136, 141; *Lawrence* v. *St. Louis-San Francisco Ry. Co.,* 274 U. S. 588 (*semble*); cf. *Prendergast* v. *New York Telephone Co.,* 262 U. S. 43, 50–51; *National Fire Insurance Co.* v. *Thompson,* 281 U. S. 331, 338; *Alabama* v. *United States,* 279 U. S. 229, 231; *Rogers* v. *Hill,* 289 U. S. 582, 587.

the defect in the bill is incapable of remedy by amendment, its dismissal should be directed.[13]

*Fifth.* In No. 182, also, the Circuit Court of Appeals should have reversed the decree for a preliminary injunction and directed dismissal of the bill. The plaintiffs, officers of the so-called Plan of Representation of Employees, alleged, in addition to the facts already stated, that the employees are satisfied with their existing contracts of employment and desire to retain the existing Plan without change; that the holding of the proposed hearing will discredit the Plan and destroy its usefulness to the employees; that they will be deprived of their right to negotiate by the method of their choice, the value of which has been proved by years of operation; that alteration of the Plan will cause dissatisfaction among the employees; that operation of plant will be disrupted by labor disturbances; that employment will be interrupted; and that the damage to the employees will be irreparable. These additional allegations furnish no reason why the Board should be prevented from exercising the exclusive initial jurisdiction conferred upon it by Congress.

> *Decrees for preliminary injunction reversed with direction to dismiss the bills.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.

---

[13] *Smith* v. *Vulcan Iron Works*, 165 U. S. 518, 525; *Mast, Foos & Co.* v. *Stover Mfg. Co.*, 177 U. S. 485, 494; *Metropolitan Water Co.* v. *Kaw Valley Drainage Dist.*, 223 U. S. 519, 523; *United States Fidelity & Guaranty Co.* v. *Bray*, 225 U. S. 205, 214; *Denver* v. *New York Trust Co.*, 229 U. S. 123, 136; cf. *In re Tampa Suburban R. Co.*, 168 U. S. 583, 588; *Ex parte National Enameling & Stamping Co.*, 201 U. S. 156, 162; *Meccano Ltd.* v. *John Wanamaker*, 253 U. S. 136, 141.