**RED RIVER BROADCASTING CO., Inc., v.
FEDERAL COMMUNICATIONS COM-
MISSION (BAXTER, Intervener).\***

No. 6906.

United States Court of Appeals for the
District of Columbia.

Decided May 2, 1938.

*Writ of certiorari denied 59 S.Ct. 86, 83 L.Ed. ——.

284

Paul M. Segal, George S. Smith, and Harry P. Warner, all of Washington, D. C., for appellant.

Hampson Gary, George B. Porter, Fanney Neyman, and Frank U. Fletcher, all of Washington, D. C., for Federal Communications Commission.

Ben S. Fisher, of Washington, D. C., for intervener.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

Red River Broadcasting Company, Inc. appealed, under Sections 402(b) and 402(c) of the Communications Act of 1934,[1] from a decision of the Federal Communications Commission granting a permit to Fred A. Baxter, intervener herein, for the construction of a broadcasting station at Superior, Wisconsin. A motion to dismiss the appeal was filed by intervener upon the ground, among others, that appellant has failed to exhaust all its remedies before the Commission, and, hence, has not brought itself into a position to invoke the jurisdiction of this court. We are of the opinion that this motion should be granted and the appeal dismissed.

Appellant is the licensee of a station at Duluth, Minnesota. It was not made a party to the hearing before the Commission on the Baxter application; nor did it attempt to become a party thereto by intervention. It seeks to enter the proceedings for the first time on this appeal, pursuant to Section 402(b)(2) of the Communications Act, claming that it is aggrieved by the decision of the Commission because that decision was made without consideration of its probable deleterious economic effects upon appellant. Section 402 (b) provides that an appeal may be taken to this court from a decision of the Commission (1) "By any applicant . . . whose application is refused by the Commission"; (2) "By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application."[2]

However, it is a well-settled rule of judicial administration that no one is entitled to judicial relief until he has exhausted all prescribed, applicable, administrative remedies.[3] Generally, the rule is stated as being conclusive of the rights of one who prematurely seeks judicial review, without intimation or suggestion that any judicial discretion is involved in its application.[4] In any event, no contention is made,

---

[1] Act of June 19, 1934, c. 652, 48 Stat. 1064, 1093, 47 U.S.C.A. §§ 402 (b), 402 (c) (Supp.1937).

[2] See Sykes v. Jenny Wren Co., 64 App.D.C. 379, 382, 78 F.2d 729, 732, 104 A.L.R. 864, certiorari denied 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443; Monocacy Broadcasting Co. v. Prall, 67 App.D.C. 176, 90 F.2d 421.

When this court acts upon an appeal from the Commission the proceeding is similar in nature to an equitable proceeding to restrain the enforcement of an invalid administrative order. Federal Radio Comm. v. Nelson Bros. Co., 289 U.S. 266, 277, 53 S.Ct. 627, 633, 77 L.Ed. 1166, 89 A.L.R. 406.

[3] Myers v. Bethlehem Shipbuilding Corporation, 58 S.Ct. 459, 82 L.Ed. ——, decided January 31, 1938; Chicago, Milwaukee, St. Paul & Pac. R. R. Co. v. Risty, 276 U.S. 567, 575, 48 S.Ct. 396, 399, 72 L.Ed. 703; St. Louis-San Fran-

cisco Ry. Co. v. Alabama Public Service Comm., 279 U.S. 560, 563, 49 S.Ct. 383, 384, 73 L.Ed. 843; Porter v. Investors' Syndicate, 286 U.S. 461, 468, 471, 52 S.Ct. 617, 619, 620, 76 L.Ed. 1226; United States v. Illinois Central R. R. Co., 291 U.S. 457, 463, 54 S.Ct. 471, 473, 78 L.Ed. 909; Hegeman Farms Corporation v. Baldwin, 293 U.S. 163, 172, 55 S.Ct. 7, 10, 79 L.Ed. 259. See, also, Anniston Mfg. Co. v. Davis, 301 U.S. 337, 343, 57 S.Ct. 816, 819, 81 L.Ed. 1143; Federal Trade Comm. v. Claire Furnace Co., 274 U.S. 160, 174, 47 S.Ct. 553, 556, 71 L.Ed. 978; Gorham Mfg. Co. v. State Tax Comm., 266 U.S. 265, 45 S. Ct. 80, 69 L.Ed. 279. Cf. White v. Johnson, 282 U.S. 367, 374, 51 S.Ct. 115, 118, 75 L.Ed. 388.

[4] Chicago, Milwaukee, St. Paul & Pac. R. R. Co. v. Risty, United States v. Illinois Central R. R. Co., Hegeman Farms Corporation v. Baldwin, and White v.

and no situation appears in the present case which calls for the exercise of such discretion.[5]

■■■ The language of section 4(j) of the Communications Act (48 Stat. 1066, 47 U.S.C.A. § 154(j) (Supp.1937)) indicates that Congress intended interested and aggrieved persons to appear before the Commission and there assert their rights. See Berry, Communications by Wire and Radio 214. So far as applicable that section reads: "Any party may appear before the Commission and be heard in person or by attorney." Although the word *party* is used, the interpretation placed upon the word by the Commission in its rules clearly integrates the concept of the *interested person* with the concept of *party*. Section 4(i) of the Act (48 Stat. 1066, 47 U.S.C.A. § 154(i) (Supp.1937)) authorizes the Commission to make such rules and regulations, not inconsistent with the provisions of the Act, as may be necessary in the execution of its functions. Such regulations of an administrative body have the force and effect of law. See Maryland Casualty Co. v. United States, 251 U.S. 342, 349, 40 S.Ct. 155, 157, 64 L.Ed. 297; United States v. Morehead, 243 U.S. 607, 37 S.Ct. 458, 61 L.Ed. 926; United States v. Birdsall, 233 U.S. 223, 231, 34 S.Ct. 512, 58 L.Ed. 930.

■■ An examination of the Act, the Commission's rules and the cases, suggests that several remedies may have been available to appellant, i. e.: (1) intervention, under Rules 105.20, 102.1, 102.6, 106.7; (2) petition for continuance or extension of time, under Rule 106.5; (3) petition for hearing, under Rule 106.2; and (4) application for rehearing, under section 405 of the Act (48 Stat. 1095, 47 U.S.C.A. § 405 (Supp. 1937)) as follows:

"After a decision, order, or requirement has been made by the Commission in any proceeding, any party thereto may at any time make application for rehearing of the same, or any matter determined therein, and it shall be lawful for the Commission in its discretion to grant such a rehearing if sufficient reason therefor be made to appear: *Provided, however,* That in the case of a decision, order, or requirement made under Title III of this chapter, the time within which application for rehearing may be made shall be limited to twenty days after the effective date thereof, and *such application may be made by any party or any person aggrieved or whose interests are adversely affected thereby ....*" [Italics supplied]

It will be observed that the privilege of applying for a rehearing under this section is expressed in language almost identical with that used in Section 402(b)(2) under which appellant claims the privilege of appealing to this court, i. e., ". . . any other person aggrieved or whose interests are adversely affected . . ." Section 405 further provides as follows:

". . . In case a rehearing is granted, the proceedings thereupon shall conform as nearly as may be to the proceedings in an original hearing, except as the Commission may otherwise direct; and if, in its judgment, after such rehearing and the consideration of all facts, including those arising since the former hearing, it shall appear that the original decision, order, or requirement is in any respect unjust or unwarranted, the Commission may reverse, change, or modify the same accordingly. Any decision, order, or requirement made after such rehearing, reversing, changing, or modifying the original determination, shall be subject to the same provisions as an original order."

This section, it will be observed, thus makes provision for complete relief for one in the position of appellant, assuming that, for one reason or another, the other three remedies were not available to it.

Johnson, all supra note 3; Gorham Mfg. Co. v. State Tax Comm., supra note 3, at pages 269, 270, 45 S.Ct. at page 81; Goldsmith v. Board of Tax Appeals, 270 U.S. 117, 123, 46 S.Ct. 215, 217, 70 L.Ed. 494; First National Bank v. Weld County, 264 U.S. 450, 455, 44 S.Ct. 385, 387, 68 L.Ed. 784. In Myers v. Bethlehem Shipbuilding Corporation, 58 S.Ct. 459, 82 L.Ed. 638, decided January 31, 1938, note 9, it is said (page 464) ". . . the rule is one of judicial administration—not merely a rule governing the exercise of discretion—. . ." But see United States v. Abilene & Southern Ry. Co., 265 U.S. 274, 282, 44 S.Ct. 565, 567, 68 L.Ed. 1016; St. Louis-San Francisco Ry. Co. v. Alabama Public Service Comm., supra note 3, at page 563, 49 S.Ct. at page 384; Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199, 204, 82 L.Ed. 276.

5 Ibid. See, also, Gorham Mfg. Co. v. State Tax Comm., supra note 3, at 270, 45 S.Ct. at 81.

■ Appellant does not deny that it failed to avail itself of any of the four remedies suggested, but it contends that it should not be barred from relief in this case because the record fails to disclose that formal notice was given to it by the Commission concerning the hearing on the Baxter application, and, consequently, that the obligation to pursue its administrative remedies was not operative. Under some circumstances the Communications Act requires that formal notice shall be given— as in the case of an applicant upon a hearing of its application for a station license or for renewal or modification thereof (48 Stat. 1085, § 309(a), 47 U.S.C.A. § 309(a) (Supp.1937)); revocation or modification of a station license (48 Stat. 1086, § 312, 47 U.S.C.A. § 312 (Supp.1937); Saltzman v. Stromberg-Carlson Tel. Mfg. Co., 60 App. D.C. 31, 46 F.2d 612; Courier-Journal Co. v. Federal Radio Comm., 60 App.D.C. 33, 46 F.2d 614); alteration by the Commission in the required manner or form of keeping accounts (48 Stat. 1078, § 220(g), 47 U.S.C.A. § 220(g) (Supp.1937)); suspension of an operator's license (48 Stat. 1082, § 303 (m)(2), as amended, 50 Stat. 190, 47 U.S.C.A. § 303(m)(2) (Supp.1937)); or the taking of depositions. 48 Stat. 1096, § 409(e), 47 U.S.C.A. § 409(e) (Supp.1937). But that is not the situation in the present case. There is nothing in the Act which requires such notice, under the circumstances here present, or makes it a prerequisite to the seeking of administrative remedies, which are otherwise available.

■ It is true—assuming that the appellant is a licensee ". . . who would be aggrieved, or whose interests would be adversely affected . . . ." within the meaning of the Commission's Rule 102.8—that the Commission may have obligated itself voluntarily to give formal notice to appellant concerning the hearing on the Baxter application, by its action in adopting Rules 102.1 and 106.3. It is not necessary for us to decide whether appellant comes within the provisions of Rule 102.8, or what the effect may be of reading the three rules together, because we are satisfied that in the present case appellant received actual notice of the Commission's action.[6] Upon the record before us—and especially in view of the taking of the present appeal—we conclude that appellant had actual notice, at least before the last of the four administrative remedies described became unavailable. At the time the appeal was taken, appellant could have proceeded just as well under Section 405. 48 Stat. 1095, 47 U.S.C.A. § 405 (Supp.1937). The time allowed by that section for an application for rehearing was identical with the time allowed for taking an appeal. 48 Stat. 1093, § 402(c), 47 U.S.C.A. § 402(c) (Supp.1937). It is inconceivable that appellant could have had sufficient notice to take an appeal and not have had sufficient notice to seek at least one administrative remedy.

■ The reason for the rule requiring exhaustion of administrative remedies is well exemplified in this case for, assuming that the Commission erroneously failed to give notice of hearing on the Baxter application, still, if appellant had used one of the other available methods—particularly the petition for a rehearing—to call attention to the error, it was within the power of the Commission to correct the error and fully to protect appellant. See United States v. Illinois Central R. R. Co., 291 U.S. 457, 463, 54 S.Ct. 471, 473, 78 L.Ed. 909.

■ The right to administrative relief is a privilege afforded by law to persons who consider themselves interested or aggrieved. Unless the interests of such a person are brought to the attention of the Commission through established procedural channels, it will be impossible for it to give them proper consideration. The Act and the rules of the Commission have made adequate provision therefor. The burden, therefore, is, and properly should be, upon an interested person to act affirmatively to protect himself. It is more reasonable to assume in this case a legislative intent that an interested person should be alert to protect his own interests than to assume that Congress intended the Commission to consider on its own motion the possible effect of its action in each case, upon every person who might possibly be affected thereby. Such a person should not be entitled to sit back and wait until all interested persons who do so act have been heard, and then complain that he has not been properly treated. To permit such a person to stand aside and speculate on the outcome; if adversely affected, come into this court for relief; and then permit the whole

---

[6] Sykes v. Jenny Wren Co., supra note 2.

matter to be reopened in his behalf, would create an impossible situation. In a closely settled area with a number of existing stations such a procedure would permit successive appeals by many persons and as a result a complete blocking of administrative action. "A well-settled rule of statutory construction enjoins courts not to attribute to the Legislature a construction which leads to absurd results." United States ex rel. Anderson v. Anderson, 8 Cir., 76 F.2d 375, 378. See, also, In re Chapman, 166 U.S. 661, 667, 17 S.Ct. 677, 41 L.Ed. 1154; Hawaii v. Mankichi, 190 U.S. 197, 214, 23 S.Ct. 787, 47 L.Ed. 1016; United States v. Oregon & California R. R. Co., 164 U.S. 526, 539, 17 S.Ct. 165, 41 L.Ed. 541.[7]

In other words, in order to bring itself within the statutory provisions governing appeals by an aggrieved person, appellant must show, not only—as we have assumed but not decided—that it is affected by the order appealed from, but that it has failed to secure relief after having availed itself of any prescribed administrative procedure by which it could have protected its interests. Goldsmith v. Board of Tax Appeals, 270 U.S. 117, 123, 46 S.Ct. 215, 217, 70 L.Ed. 494. In the case last cited the Court held that the petitioner was required to demand a hearing, even though the rules of the Board of Tax Appeals provided for no hearing, on the theory that a rule of the Board which provided for the exercise by it of discretion, ". . . must be construed to mean the exercise of a discretion to be exercised after fair investigation, with such a notice, hearing and opportunity to answer for the applicant as would constitute due process." In the present case, remedies available to appellant are spelled out in the statutes and the rules, and there is no excuse for its failure to pursue them. Failing to do so, it cannot be permitted to come into this court for relief. Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 58 S.Ct. 199, 82 L.Ed. 276. To hold otherwise would be in effect to substitute the determination of the court for the determination which Congress intended should be made by the Commission (Federal Radio Comm. v. Nelson Bros. Co., 289 U.S. 266, 276, 53 S.Ct. 627, 632, 77 L.Ed. 1166, 89 A.L.R. 406; Myers v. Bethlehem Shipbuilding Corporation, 58 S.Ct. 459, 82 L.Ed. 638, decided January 31, 1938), and would, in large measure, defeat the purpose of the Act.[8] It would be fruitless for us to attempt to review a determination of the Commission upon a record made without regard to the interests of appellant. 48 Stat. 1094, § 402 (e), 47 U.S.C.A. § 402(e) (Supp.1937).

We may assume, therefore, without deciding, that: (1) appellant was an interested or aggrieved person; (2) it was entitled to formal notice of the hearing in the Baxter case and it received no such formal notice; (3) it had no actual notice prior to the commencement of the twenty-day period allowed for petitioning for rehearing. However, it is indisputable that it did receive actual notice during that twenty-day period. It then became its privilege and its duty to petition for a rehearing. A rehearing, under the circumstances assumed, was an available administrative remedy which—it is conceded—appellant did not attempt to use.

We do not decide that appellant was, in any event, entitled to wait until the time for rehearing and then for the first time come in. Its duty was to seek the first administrative remedy available to it before

---

[7] Cf. Lucke v. Coe, 63 App.D.C. 61, 64, 69 F.2d 379, 382: "Were it to be held that new claims could be filed under section 4915, it is conceivable that some of the claims presented for the first time in the equity proceeding might be of such a character that the Patent Office would have allowed them if they had been presented there; but it is inconceivable that Congress, after setting up the comprehensive machinery of the Patent Office for the purpose of granting patents on applications, should authorize another tribunal, lacking the technical equipment which Congress recognized as desirable in considering applications for patents, to perform that function, and burden the courts with work which the special tribunal, peculiarly fitted to pass on claims, might by allowance render unnecessary . . . . Such a situation would seriously affect the usefulness of the Patent Office, and create a result which Congress never intended."

[8] In United States v. Sing Tuck, 194 U.S. 161, 170, 24 S.Ct. 621, 624, 48 L. Ed. 917, the Court said: "We are of opinion that the attempt to disregard and override the provisions of the statutes and the rules of the department and to swamp the courts by a resort to them in the first instance must fail."

288

the Commission. If, having such notice as it was entitled to have at an earlier stage of the proceeding, it neglected to avail itself of such an opportunity, it may thus have foreclosed itself from seeking further relief. But that is another question. In any, event, it is clear that it has failed to satisfy the rule applicable in the present case because—making all possible assumptions in its favor—at least one administrative remedy was available to appellant even when it took its appeal; and it admits that it made no effort to use that or any other administrative remedy. If it had done so and had been denied relief it could then have sought appropriate judicial review in this court. Saginaw Broadcasting Co. v. Federal Communications Comm., 68 App. D.C. 282, 96 F.2d 554, decided March 16, 1938.

Appellant seeks further to excuse its failure, affirmatively to seek administrative relief, by contending that, even if it had attempted to do so, its request would have been denied; consequently, that its attempt would have been a futile and useless gesture. We cannot assume that consequence. If under such circumstances relief had been sought and denied, then there would have been a basis for appeal. As was said by the Supreme Court in Highland Farms Dairy v. Agnew, 300 U.S. 608, 616, 617, 57 S.Ct. 549, 553, 81 L.Ed. 835: "One who is required to take out a license will not be heard to complain, in advance of application, that there is danger of refusal . . . He should apply and see what happens." See, also, Goldsmith v. Board of Tax Appeals, supra. So, in this case appellant should have sought its remedies and awaited the action of the Commission. It cannot be heard to complain in this court that there was danger of refusal when it made no effort to do so. See, also, Bourjois v. Chapman, 301 U.S. 183, 188, 57 S.Ct. 691, 694, 81 L.Ed. 1027; Pacific Tel. & Tel. Co. v. Seattle, 291 U.S. 300, 54 S.Ct. 383, 78 L.Ed. 810; United States v. Illinois Central R. R. Co., supra; Lehon v. City of Atlanta, 242 U.S. 53, 56, 37 S.Ct. 70, 61 L.Ed. 145; Smith v. Cahoon, 283 U.S. 553, 562, 51 S. Ct. 582, 585, 75 L.Ed. 1264; Gundling v. Chicago, 177 U.S. 183, 186, 20 S.Ct. 633, 44 L.Ed. 725.

Accordingly, the motion must be granted and the appeal dismissed. It is so ordered.

Appeal dismissed.